Dissenting Opinion by
Hoffman, J.:
I would reverse the judgment of sentence and grant a new trial, because the trial judge failed to notify defense counsel of an attempt to influence a juror. Appellant in this case was convicted of assault with intent to kill.
*225 Two opinions were filed by the lower court in this case. Reference to both is necessary for a full understanding of the facts.
The court stated, in its.first opinion: “On the night of May 15, 1967, at a time when the trial was only partially completed a member of the jury was contacted at her home by an anonymous caller who threatened her in the event of a verdict adverse to the defendant. The juror did not report the incident to the court, when it convened the following morning, May 16th. However, it is our understanding that she did communicate the threat to other members of the jury during their deliberations in the jury room. They then returned a guilty verdict that afternoon. After the verdict was returned, and the jury dismissed, the juror in question, along with other members of the jury contacted the trial judge in his chambers and reported the alleged threat. The District Attorney was immediately summoned and requested to pursue the matter.”
It would appear that defense counsel was never informed by the Court or the District Attorney of this situation. Approximately two or three weeks later, however, defense counsel heard rumors of this incident and in a renewed motion for new trial argued that such calls and threats required the granting of a new trial. In the alternative, counsel argued that a hearing should be granted at which time counsel for defendant would have the right to cross-examine the jurors to determine the impact of the telephone calls on their verdict. The court en banc denied the granting of a new trial but summoned back the jurors on October 2, 1967, nearly five months after the trial date, and held a hearing.
The court’s decision, after this hearing, as reflected in its opinion was: “Having heard the testimony of the members of the jury, we are convinced that neither Mrs. Murphy nor any member of the jury, was influ *226 enced or prejudiced by having received the calls, or the discussion that transpired during the deliberations. All of the members of the panel testified in an honest straightforward manner and without hesitation that the conviction was arrived at solely on the basis of the evidence which, in our opinion, was ample. Under these circumstances we must refuse the motion for new trial. . . .”
I do not here consider whether the lower court correctly analyzed the testimony of the jurors at the later hearing. It is clear to me that the failure of the lower court to immediately notify defense counsel of the threats and to personally investigate the situation at that time constituted a denial of defendant’s right to a fair trial.
In my opinion, any investigation of this type should be carried out by the trial court promptly after it becomes aware of the incident. In this case, as soon as the jury revealed the facts to the court, the court should have held the jury, informed defense counsel and studied the matter. At that time, the incident was fresh in the jurors’ minds, and their feelings could have been readily ascertained. The court could have discovered whether they were under stress; whether they were prejudiced against defendant; and whether they were seriously disturbed by the calls. During the waiting period of five months, however, the recollection of the jurors may have been lessened and their emotions of the day forgotten or minimized.
Where a jury has been contacted by outside influences, our court stated in Commonwealth v. Deutsch, 72 Pa. Superior Ct. 298, 319 (1919) : It is “The duty of the trial judge to searchingly investigate such an occurrence so as to disclose all of the facts, and his power thereafter to proceed with the trial or continue the case ‘in the exercise of proper discretion’ . . .”.
*227 Here, the trial judge did not at first investigate the matter, but, as is reflected in the opinion quoted above, delegated this to the District Attorney. A full-scale investigation of this matter was undertaken almost one-half year after trial. I believe that this denied appellant the right to a fair trial. In my opinion it should be a clear rule of law and practice in our courts that any suggestion as to undue influence upon the jury should be immediately investigated upon notice thereof. Since the court failed to do so, I would vacate the judgment of sentence and grant a new trial.
Spaulding, J., joins in this dissenting opinion.